<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LLANO FUNDING GROUP, LLC | : |
|  | : |
|  | : **Civil Action No. 14-cv-7848 (SRC)** |
| Plaintiff, | : |
| v. | : **OPINION** |
|  | : |
| SAMUEL LEVI, | : |
|  | : |
| Defendant. | : |
|  | : |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon the motion to dismiss filed by Defendant Samuel Levi ("Defendant"). Plaintiff Llano Funding Group, LLC ("Plaintiff") opposes the motion. The Court has considered the parties' submissions and proceeds to rule without oral argument. For the reasons set forth below, the Court will grant Defendant's motion and dismiss the Complaint without prejudice.

I.    **BACKGROUND**

   **A.  Factual History**

In this case, the assignee of a property loan claims that an inaccurate appraisal of that property constituted professional negligence and negligent misrepresentation. The Court takes the following facts from the complaint and assumes them to be true for purposes of this motion.

Defendant is a real estate appraiser who conducted an appraisal ("the Appraisal") of real property located in Trenton, New Jersey ("the Property") on an unspecified date. Defendant appraised the Property at $87,000. Plaintiff claims that the Property's true value was far less.

1

On the basis of the Appraisal, an entity called First Universal ("the Lender") approved a mortgage loan on the Property.  Plaintiff contends that had Defendant accurately appraised the Property, the Lender would not have approved the loan.  On September 1, 2010, the Property was foreclosed upon.  The Lender did not recoup any amount of the loan.

Plaintiff is the Lender's successor in interest.  In February of 2014, Plaintiff discovered alleged errors in the Appraisal.  Plaintiff contends that it is entitled to over $107,669.00.

### B.  Procedural History

Plaintiff filed a complaint against Defendant in this Court on December 17, 2014; it filed an Amended Complaint on January 26, 2015.  Plaintiff pleads two claims against Defendant:  (1) professional negligence; and (2) negligent misrepresentation.  This Court has diversity jurisdiction over the matter.

On May 18, 2015, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of the motion, Defendant argues that Plaintiff's claims are time-barred and that Plaintiff lacks standing to bring this lawsuit.

Plaintiff opposes the motion.  Plaintiff argues that the statute of limitations did not begin to run until Plaintiff discovered the appraisal errors at issue, which took place in February of 2014, and it contends that there was no reason to discover the errors earlier.  Alternatively, Plaintiff suggests that the statute of limitations defense cannot apply at this stage because lateness is not apparent on the face of the pleadings.

### II.   DISCUSSION

### A.  Motions to Dismiss

A complaint will survive a motion to dismiss under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its

2

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  In other words, the facts alleged "must be enough to raise a right to relief above the speculative level[.]'"  Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation."  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice."  Iqbal, 556 U.S. at 678.  In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)).

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must consider the complaint in its entirety, and the Court may also consider "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, 551 U.S. 308, 322-23 (2007).

3

### B.  Timeliness of this Action

Defendant argues that Plaintiff's action is untimely.  The Court agrees.  Plaintiff asserts that because the Complaint does not plead the date of the Appraisal, the Court cannot determine that the claim is time-barred.  Plaintiff alternatively asserts that the clock did not begin to run until it discovered the alleged problems with the Appraisal.  The Court recently rejected the same two arguments as advanced by the same counsel who represents Plaintiff here.  In <u>First Mut. Grp. v. Vazirani</u>, No. 14-cv-6762 (SRC), 2015 WL 3385999 (D.N.J. May 26, 2015), the Court dismissed a complaint that was based on an allegedly incorrect property appraisal which took place on an unspecified date.  For the reasons laid out in that Opinion, the Court will similarly dismiss this action.

Plaintiff pleads in its Complaint and Amended Complaint that its claims are subject to Florida's four-year statute of limitations.  <u>See</u> Docket Entry 1, Page 2, Par. 5; Docket Entry 4, Page 2, Par. 5.  Defendant agrees to this limitation.  <u>See</u> Docket Entry 13, Page 5.  Accepting the parties' stipulation, the Court examines when Plaintiff knew or should have known that it had been harmed by the allegedly faulty appraisal.  Because Plaintiff is an assignee to the Lender's rights on the underlying loan, the Court looks to whether the Lender or any of its prior assignees had reason to know about this alleged harm.  If the time-bar would have limited the Lender's ability to sue Defendant, so too will it now limit the Lender's current assignee, Plaintiff.  <u>See</u> <u>Animal Sci. Products, Inc. v. China Minmetals Corp.</u>, 34 F. Supp. 3d 465, 510 (D.N.J. 2014) (McNulty, J.) ("It is elementary ancient law that an assignee never stands in any better position than his assignor. He is subject to all the equities and burdens which attach to the property assigned because he receives no more and can do no more than his assignor") (quoting <u>Int'l Ribbon Mills, Ltd. v. Arjan Ribbons, Inc.</u>, 325 N.E.2d 137, 139 (N.Y. 1975)).

Dismissal can be based on a statute of limitations defense if "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). Plaintiff did not plead the date of the Appraisal, but it did plead enough facts for this Court to ascertain the relevant timeline. The Complaint makes clear that the Appraisal preceded the Lender's loan on the Property, as well as the subsequent foreclosure upon it. The Complaint further pleads that the foreclosure took place on September 1, 2010. That event should have alerted the Lender or its assignee that it had a possible claim against Defendant. Had the holder of the loan -- and in whose shoes Plaintiff now stands -- exercised reasonable diligence, it would have discovered the allegedly gross miscalculation of the Property's value when that loan defaulted. Defendant's identity, moreover, would have been readily knowable at that time, as Defendant allegedly issued the Appraisal report. Thus, even if this Court accepts the latest possible discovery date that could be reasonable here -- September 1, 2010 -- the Complaint was not filed until December 17, 2014, which is beyond the four-year period agreed to by the parties.

## III.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's action is untimely, and the Court will accordingly grant Defendant's motion to dismiss. An appropriate Order will be filed.


    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge


Dated:  July 8, 2015

5